**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WILLIAM DAVID WILLIAMS,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-834-Y |
| | § | |
| **T. O'BRIEN, Warden,** | § | |
| **USP-Lee, and** | § | |
| **GREG ABBOTT, Attorney General,** | § | |
| **State of Texas,**[1] | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a purported petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (Pet'r Brief in Support at 1 of 32.)

B. PARTIES

Petitioner William David Williams, BOP #15409-008 and TDCJ #1069096, is a federal prisoner currently incarcerated at USP Lee County, Virginia (USP-Lee).

---

[1] Williams does not designate Greg Abbott, the Attorney General of Texas, as a respondent in this case. The clerk of Court is directed to add Abbott as a respondent pursuant to rule 2(b) of the Rules Governing Section 2254 cases. RULES GOVERNING SECTION 2254 CASES 2(b).

Respondent T .O'Brien is the Warden of USP-Lee and Respondent Greg Abbott is the Attorney General for the State of Texas. No service has been issued upon Respondents.

C.  FACTUAL AND PROCEDURAL HISTORY

The history relevant to this case is set forth in the undersigned's findings and conclusions in *Williams v. Quarterman*, Civil Action No. 4:05-CV-673-A.[2] This petition is Williams's second federal petition for writ of habeas corpus filed in this court challenging his 1998 state conviction and/or sentence for aggravated sexual assault of a child in Case No.0595823D in the 297th District Court of Tarrant County, Texas. His previous petition was dismissed as time-barred on June 13, 2006. *Id.* This petition was received by the clerk of court for filing on November 29, 2006. Contrary to Williams's assertion, the court construes this petition as arising under 28 U.S.C. § 2254, rather than § 2241. (Pet'r Brief in Support at 1 of 32.) Section 2254 specifically governs any challenge to the state court conviction. By attempting to proceed under § 2241, it appears Williams is attempting to avoid § 2254's limitations provision and/or its prohibition on filing successive petitions. A petitioner may not utilize § 2241 merely to avoid the various provisions specifically applicable to § 2254 actions.

D.  ISSUES

Williams raises multiple substantive grounds for habeas relief. (Petition at 7-8; Pet'r Brief in Support at 8.)

E.  SUCCESSIVE PETITION

28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a petitioner

---

[2]The court takes judicial notice of the federal and state court records, which it is entitled to do, in Williams's previous federal petition.

under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2).[3] Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

From the face of the instant petition, it is apparent that this is a successive petition, and Williams has not demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). This court is, therefore, without jurisdiction to consider the petition. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). Williams must first seek an order authorizing this court to consider his claims from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3).

---

[3]Section 2244(b) provides:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2).

3

## II.  RECOMMENDATION

Williams's petition should be dismissed without prejudice to his right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit under 28 U.S.C. §2244(b)(3).  All pending motions should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 25, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 25, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 4, 2006.

       /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE