IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WILLIAM D. WILLIAMS,           §
    Petitioner,            §
VS.                            §   CIVIL ACTION NO.4:06-CV-834-Y
                               §
T. O'BRIEN, Warden, USP-Lee,   §
GREG ABBOTT, Attorney General, §
State of Texas,                §
    Respondents.           §

<u>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS</u>

In this action brought by petitioner William D. Williams under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1.   The pleadings and record;

2.   The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 4, 2006; and

3.   The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 3, 2006.[1]

The Court, after <u>de novo</u> review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed as successive for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

Williams argues in his written objections that his petition should have been construed as seeking relief under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. By attempting to proceed under § 2241, Williams merely seeks to avoid the prohibition applicable to the filing of successive petitions under 28 U.S.C.§ 2254. A petitioner may not utilize § 2241, however, merely to avoid various

---

[1]Prepared by inmate Williams on Decmber 18th and received by prison officials on December 19th.

statutory provisions specifically applicable to § 2254 actions.[2] Relatedly, Williams argues that he may resort to filing under 28 U.S.C. § 2241, because the remedy provided under 28 U.S.C. § 2254 is "inadequate or ineffective" to test the legality of his conviction. This argument is without merit. Section 2254 specifically governs any challenge to petitioner's state conviction. Section 2241 "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."[3] Section 2254 is not "ineffective" merely because the one-year statute of limitations applicable to the filing of a petition under § 2254 has expired or the petitioner is unable to meet the stringent gatekeeping requirements for a successive petition under § 2254(b)(2).[4]

Williams also contends in his written objections that because the earlier petition under 28 U.S.C. § 2254 was "dismissed on grounds other than the merits," the instant action should not be considered successive. The prior § 2254 petition was dismissed with prejudice as barred by the applicable limitations period. The fact that the earlier petition was dismissed with prejudice on limitations grounds does not remove this subsequent petition from

---

[2]*See Gaines v. Dretke*, No. 3:04-CV- 1185-D, 2005 WL 1540192, at *1-2 (N.D. Tex. June 30, 2005), *report and recommendation adopted,* 2005 WL 1799518 (N.D. Tex. July 27, 2005); *see also Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir.2003), cert. denied, 541 U.S. 1032 (2004); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999), *cert. denied*, 528 U.S. 1178 (2000).

[3]*Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir.2002).

[4]*See Branch v. Dretke*, No. 3:03-CV-2607-H, 2004 WL 1877798, at *1 (N.D.Tex. Aug. 20, 2004), *report and recommendation adopted,* 2004 WL 1960192 (N.D.Tex. Sept. 2, 2004); *see also Cradle,* 290 F.3d at 539.

the successive requirements of § 2244(b).[5]

Williams's objections are overruled for these additional reasons.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner William David Williams's petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive petition.

SIGNED January 5, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[5]*See Anders v. Cockrell*, No. 03:02-CV-2513-N, 2003 WL 102615, at *2 (N.D.Tex. Jan.8, 2003)("A dismissal on statute of limitations grounds is tantamount to a merits ruling. It is critically different from a dismissal without prejudice for failure to exhaust state court remedies, which does not prevent federal habeas review at a later date").